ALBANY,
August, 1807.

Easton
v.
Coe.

|| *Ante, p.*365.
** *Co Lit.*227.
*a.* 352. *b.*

‡‡ *Co. Lit.*
227.*a.* 352. *b.*

## Easton *against* Coe.

Where a defendant was bro't before a justice, under the 10*l.* act on a warrant, and at the request of the defendant, with the consent of the plaintiff, the cause was adjourned to another day, when the parties appeared, and the defendant requested a second adjournment, on account of the absence of a material witness, it was

IN error on *certiorari.*   The defendant in error sued the plaintiff in error, in the court below, by a warrant duly obtained on oath.   The warrant was returned served, on the 15th *November.*   Both parties appeared, and the plaintiff declared, that he had sold land to the defendant; that he was to receive 23 dollars, being part of the consideration, from *H.*; that he received the money, but the defendant afterwards disapproved the *payment, and the* plaintiff was obliged to pay the money back to *H.*   The defendant pleaded the general issue ; and at his request, and with the consent of the plaintiff, the trial of the cause was adjourned to the 25th of *November.*   On that day the parties appeared, and the defendant requested a further adjournment, on account of the absence of a material witness, and offered to make oath of that fact.   The

held that the justice was bound, on the defendant's offering to give security, to grant a further adjournment, and that the time might extend to three months, as this was not a case within the 7th section of the act, allowing an adjournment for twelve days only.

plaintiff objected to the adjournment, on the ground that the defendant's witness lived out of the county, which fact was admitted. The justice, thereupon, refused to adjourn the cause a second time. The plaintiff then proved the agreement for the sale of the land, the receipt of the money from H., who afterwards recovered it back, and the justice gave judgment for the plaintiff.

*Sedgwick*, for the plaintiff, stated two objections to the proceedings below : 1st. That the justice refused to adjourn the trial, on the prayer of the defendant, agreebly to the act : 2d. That the evidence did not support the plaintiff's declaration ; for the payment of the plaintiff by H. was a good payment, and a bar to any action against the defendant for the money.

*Ford*, contra.

*Per Curiam.* The defendant below applied for adjournment, on account of *the absence of a material witness.*
. This is the special case stated in the *eighth* section of the act which allows an adjournment for three months. It is not the case provided for by the 7th section, which allows either party, without showing cause to require an adjournment, not exceeding 12 days, on giving security. The *time* here mentioned cannot be supposed to apply to the case of an absent witness ; for why allow an adjournment of three months in all cases, except when the defendant is taken on a warrant, and then only for twelve days ? The 7th section of the act does not reach the special case of the absence [*] of a material witness. That the witness lived out of the county could make no difference, for the defendant might procure his attendance in season, and was to take his chance for that. As this was the only objection, we are to presume that the defendant was ready to give the requisite security. The refusal to adjourn the cause was, then, a denial of right, and the judgment below must be reversed.

Judgment reversed.